UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>GLORIA BERNICE GERMAN; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 19-cv-0969-GPC(KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) SUA SPONTE REMANDING ACTION TO STATE COURT** |

On May 23, 2019, Debra Bell ("Defendant" or "Bell"), proceeding pro se, filed a motion to proceed *in forma pauperis* ("IFP") and a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. Having reviewed the motion to proceed IFP, the Court GRANTS the motion. Additionally, the Court *sua sponte* REMANDS the action to state court for lack of subject matter jurisdiction.

### Discussion

**A. Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$400. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The party must submit an affidavit demonstrating one's inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

The Court has reviewed Defendant's declaration and finds that Defendant is unable to pay fees or post securities required to maintain this action. Defendant submitted an application, stating that Defendant receives a fixed income through California's General Relief and SNAP programs at $560 per month. Defendant further stated that Defendant has no assets, $32 in cash or in a checking or savings account, and expenses of $558 per month. Because Defendant's monthly expenses nearly exceed her monthly income, the Court finds that Defendant is unable to pay the filing fee. Therefore, the Court GRANTS Defendant's motion for leave to proceed IFP.

**B. *Sua Sponte* Remanding Action to State Court**

Any action brought in state court may be "removed by the defendant or the defendants" to the district court. 28 U.S.C. §1441; see also 28 U.S.C. §1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal . . . .") The Court takes note that Bell is not a named defendant in the underlying state court complaint. The complaint only names Gloria Bernice German as a defendant. Bell, however, claims to live at the real property at issue and removed the action to this Court. (Dkt. No. 1 at 2.) [1] The Court thus proceeds to adjudicate the matter presented on the assumption that Bell is a proper defendant.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

---

[1] Page numbers are based on the CM/ECF pagination.

asserting jurisdiction." Id.  A federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94–95 (1988).  Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Here, Defendant contends that removal is proper under 28 U.S.C. §§ 1331, 1332, 1441(a), 1443(1), 1446. (Dkt. No. 1 at 2–3.)  Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332.  For an action to be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law.  Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10–11 (1983).  The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

A review of the state court complaint in this case shows that Bank of America, National Association ("Plaintiff") alleges a single cause of action for unlawful detainer

under California state law. Defendant's alleged federal "claims" are defenses or counterclaims against Plaintiff. Defenses and counterclaims, however, are not considered in evaluating whether a federal question appears on the face of Plaintiff's complaint. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Because this complaint contains only a state unlawful detainer action, no federal question is presented. See Bank of Am., N.A. v. Lissona, Case No. 12-CV-00477-CAB NLS, 2013 WL 12116596, at *1 (S.D. Cal. May 16, 2013) ("[A] single claim for unlawful detainer. . . is purely a matter of state law."); Galileo Fin. v. Miin Sun Park, Case No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Accordingly, the Court does not have federal question jurisdiction over the matter.

Additionally, diversity jurisdiction is absent. Removal based on diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1). Defendant has not alleged the citizenship of the parties. In unlawful detainer actions, "California courts have noted that 'the right to possession alone [is] involved,' – not title to the property." Litton Loan Servicing, L.P. v. Villegas, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting Evans v. Superior Ct., 67 Cal. App. 3d 162, 168 (1977)). Thus, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Id. Here, Plaintiff's complaint seeks damages not exceeding $10,000. (Dkt. No. 1-2 at 1.) "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than [$75,000], the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"

4

Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)). Defendant has failed to prove that the amount in controversy requirement has been met. Therefore, diversity jurisdiction is lacking.

Furthermore, Defendant has failed establish that 28 U.S.C. § 1443(1) warrants removal. 28 U.S.C. § 1443(a)(1) provides that a defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Defendant asserts that California Code of Civil Procedure section 128.7, which allows for certification of information contained in pleadings, has violated Defendant's due process rights by prohibiting Defendant from presenting evidence to dispute the existence of a landlord-tenant relationship between Plaintiff and Defendant. (Dkt. No. 1 at 2–3.)

However, 28 U.S.C. § 1443 is interpreted narrowly and limited to "certain petitioners who claim federally secured rights as a defense to a state prosecution." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). A party petitioning for removal under § 1443 must meet a two-part test:

> "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights . . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."

Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006) (quoting Sandoval, 434 F.2d at 636). Here, Defendant has not identified a state law or constitutional provision that directs state courts to ignore Defendant's civil rights. Further, the right that Defendant asserts does not spring from specific statutory grants, but from the broad protection of the Fourteenth Amendment. (Dkt. No. 1 at 2–3.) "Such rights [under the

First and Fourteenth Amendments] are not within the coverage of section 1443." Sandoval, 434 F.2d at 636. Consequently, removal under 28 U.S.C. § 1443(1) is improper.

In sum, Defendant's assertion of federal subject matter jurisdiction is without merit. Plaintiff's state law unlawful detainer claim is not removable. The Court must therefore remand the case to state court. See 28 U.S.C. § 1447(c).

## Conclusion

Based on the above, the Court (1) GRANTS Defendant's motion to proceed IFP and (2) *sua sponte* REMANDS the action to the Superior Court of the State of California for San Diego County.

**IT IS SO ORDERED.**

Dated: June 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge